**IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR CLAY COUNTY, FLORIDA**

**ANTONIO MILLS,**

**Plaintiff,**

**CASE NO.: 2024-CA-000895**
**DIVISION: B**

**vs.**

**HOME DEPOT U.S.A., INC.,**

**Defendant.**
______________________________________/

**PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW the Plaintiff, ANTONIO MILLS, by and through his undersigned counsel, and hereby sues Defendant, HOME DEPOT U.S.A, INC. (hereinafter "HOME DEPOT"), and alleges as follows:

1. This is an action for damages that exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest, and attorneys' fees.

2. Plaintiff is a natural person residing in Duval County, Florida.

3. At all times material to this action Defendant, HOME DEPOT, is/was a Foreign Corporation licensed to do business in the State of Florida.

4. At all times material hereto, including July 25, 2024, Defendant was the owner and in possession of a certain business located at 1919 Wells Road, Orange Park, FL 32073, Clay, FL (hereinafter "Premises"), said business being that of a retail/home improvement store open to the general public, including the Plaintiff herein.

5. On or about July 25, 2024, Plaintiff, ANTONIO MILLS, visited Defendant's Premises located at the above address as a business invitee.

6. At said time and place, Plaintiff, ANTONIO MILLS, was a guest at Defendant,

HOME DEPOT'S Premises, as described above, and lawfully upon the premises of the Defendant, who owed Plaintiff a non-delegable duty to exercise reasonable care for his safety.

7. At said time and place, Defendant breached its non-delegable duty owed to Plaintiff, ANTONIO MILLS by committing one or more of the following omissions or commissions:

a. Negligently failing to maintain or adequately maintain the premises/flooring, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b. Negligently failing to inspect or adequately inspect the premises/flooring, as specified above, to ascertain whether a foreign substance on the floor inside the store constituted a slip/fall hazard to patrons utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to Plaintiff;

c. Negligently failing to inspect or adequately warn the Plaintiff of the danger of the premises/flooring, when Defendant knew, or through the exercise of reasonable care should have known, that said premises/floor was unreasonably dangerous and that Plaintiff was unaware of same;

d. Negligently failing to correct and/or maintain and/or repair and/or adequately correct and/or address the unreasonably dangerous condition of the flooring on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that the Defendant should have known of same had Defendant exercised reasonable care;

e. Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the premises/flooring for dangerous conditions;

f. Negligently failing to train and/or did inadequately train its employees to inspect the premises for dangerous conditions;

g. Negligently failing to follow its own corporate policy(ies) regarding the dangerous conditions;

h. Negligently failing to act reasonably under the circumstances;

i. Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the public, including the Plaintiff; herein, and,

j. Negligently failing to render aid to the Plaintiff after his fall and/or negligently rendering aid to the Plaintiff after his fall.

8. As a direct and proximate result of the breach of the previously mentioned duties and negligence by Defendant, HOME DEPOT, Plaintiff, who was lawfully on said Premises as a business invitee and/or guest, slipped and fell, sustaining serious bodily injuries.

9. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff, ANTONIO MILLS, sues the Defendant, HOME DEPOT U.S.A., INC., for damages and demands judgment in excess of Fifty Thousand Dollars ($50,000.00) plus interest and costs.

## **DEMAND FOR JURY TRIAL**

Plaintiff, ANTONIO MILLS, demands trial by jury on all issues so triable.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Defendant via e-portal and email on this 30th day of January 2025.

By: /s/ Pace Mawhinney

Pace Mawhinney, Esq.
Florida Bar No.: 061162
Morgan & Morgan, P.A.
313 North Monroe Street, Suite 401
Tallahassee, Florida 32301
Primary Email:
pace.mawhinney@forthepeople.com
Secondary Email:
sarah.rileykoon@forthepeople.com
teonna.mccullum@forthepeople.co
Phone: (850) 201-2463
Fax: (850) 270-2784
*Attorneys for Plaintiff*