**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ANTONIO MILLS,

    Plaintiff,

v.                                            Case No. 3:25-cv-107-MMH-MCR

HOME DEPOT USA, INC.,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court on Defendant's Jurisdictional Statement (Doc. 13; Jurisdictional Response), filed on February 17, 2025. On February 3, 2025, Defendant filed a notice removing this case from the Fourth Judicial Circuit, in and for Clay County, Florida. See Notice of Removal (Doc. 1; Notice). In the Notice, Defendant invoked the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. See Notice at 2. On February 12, 2025, the Court entered a Jurisdictional Order (Doc. 9) inquiring into its subject matter jurisdiction. In the Jurisdictional Order, the Court found that Defendant had failed "to plausibly allege that the amount in controversy exceeds the jurisdictional threshold under 28 U.S.C. § 1332(a)." Jurisdictional Order at 5. Accordingly, the Court ordered Defendant to provide "sufficient information so that it can determine whether the amount in controversy is met such that it has

diversity jurisdiction over this action." Id. at 7. In response to the Jurisdictional Order, Defendant filed its Jurisdictional Response. Upon review of the Jurisdictional Response, and the exhibits attached to it, the Court remains unable to conclude that it has subject matter jurisdiction over this action. This is so because Defendant again fails to allege facts sufficient to plausibly demonstrate that the amount in controversy exceeds $75,000. Therefore, this case is due to be remanded to the state court in which it was filed.[1]

"In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). In cases where, as here, the Court's diversity jurisdiction is invoked, see Notice at 2, the value of a plaintiff's claim must exceed the amount-in-controversy threshold of $75,000. See Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). A plaintiff satisfies this requirement if he claims "a sufficient sum in good faith." Id. at 807 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288

---

[1] In the Jurisdictional Order, the Court also found that Defendant had failed to "adequately allege the citizenship of" Antonio Mills. See Jurisdictional Order at 2. Defendant failed to rectify this deficiency in the Jurisdictional Response, and continues to allege that Mills is a "natural person residing" in Florida. See Jurisdictional Response at 1. Because Defendant has failed to adequately allege that complete diversity exists under 28 U.S.C. § 1332(a), remand is warranted on this basis as well.

(1938)). And generally, a court can dismiss for failure to satisfy the amount in controversy requirement "only if it is convinced 'to a legal certainty' that the claims of the plaintiff in question will not exceed $75,000 (the current jurisdictional threshold)." See McIntosh v. Royal Caribbean Cruises, Ltd., 5 F.4th 1309, 1312 (11th Cir. 2021).

Significant to this case, however, "the Red Cab Co. 'legal certainty' test gives way" where diversity jurisdiction is invoked based on a claim for indeterminate, unspecified damages. See McKinnon Motors, 329 F.3d at 807; see also McIntosh, 5 F.4th at 1312; Fastcase, Inc. v. Lawriter, LLC, 907 F.3d 1335, 1342 (11th Cir. 2018); Doane v. Tele Circuit Network Corp., 852 F. App'x 404, 406 (11th Cir. 2021); Bradley v. Kelly Servs., Inc., 224 F. App'x 893, 895 (11th Cir. 2007).[2] Damages are indeterminate where a plaintiff makes "no effort to quantify" the damages he seeks. See Doane, 852 F. App'x 407; see also McKinnon Motors, 329 F.3d at 808 (explaining that the damages sought were indeterminate because plaintiff "did not and has not placed any dollar amount on the various damages it is seeking under its bad faith claim"). Notably, establishing that the amount in controversy exceeds the jurisdictional threshold requires more than a general allegation that damages exceed $75,000. See

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Fastcase, 907 F.3d at 1339, 1343; Doane, 852 F. App'x at 407; Bradley, 224 F. App'x at 895. Instead, where damages are indeterminate, "the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." See McKinnon Motors, 329 F.3d at 807. "The additional requirement is 'warranted because there is simply no estimate of damages to which a court may defer.'" See Fastcase, 907 F.3d at 1342 (citation omitted). And, "'[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.'" See Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) (quoting Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319–20 (11th Cir. 2001)); see also Dibble v. Avrich, No. 14-CIV-61264, 2014 WL 5305468, at *4–6 (S.D. Fla. Oct. 15, 2014).[3]

Of course, in some cases, "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'" See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061–62 (11th Cir. 2010) (quoting Pretka

---

[3] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010)); see also McIntosh, 5 F.4th at 1312–1313 (finding that although damages were unspecified, plaintiffs had sufficiently alleged injuries and expenses which, accepted as true, were "sufficient to plead damages that exceed the $75,000 amount-in-controversy requirement"). Additionally, district courts are permitted "to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether" the amount in controversy is satisfied on the face of the complaint. Roe, 613 F.3d at 1061–62. Indeed, a court "need not 'suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount.'" Id. (quoting Pretka, 608 F.3d at 770). Nevertheless, the Court may not speculate or guess as to the amount in controversy. See Pretka, 608 F.3d at 752.

Relevant here, Defendant, as the party invoking the Court's jurisdiction, "bears the burden of proving that federal jurisdiction exists." See Williams, 269 F.3d at 1319. In Dart Cherokee Basin Operating Co., the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." See Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 89 (2014). If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is

met. Id. (citing 28 U.S.C. § 1446(c)(2)(B)); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014). In the Jurisdictional Order, the Court questioned the sufficiency of Defendant's allegations regarding the amount in controversy and provided Defendant with an opportunity to present additional information to make a showing that the value of Plaintiff's claim exceeds $75,000. Defendant has failed to do so.

In the Jurisdictional Response, Defendant argues that Plaintiff's settlement demand of $1,000,000 is evidence that the amount in controversy has been met. See Jurisdictional Response at 2. However, as the Court noted in its Jurisdictional Order, "an initial demand for settlement generally does not serve as a sufficient basis for ascertaining the amount in controversy." Erler v. Geico Gen. Ins. Co., No. 6:17-cv-1090-Orl-40GJK, 2017 WL 10058597, at *1 (M.D. Fla. Sept. 21, 2017). Instead, "[o]nly where a demand provides specific information and a reasonable assessment of the damages claimed is it possible for the defendant to ascertain the amount in controversy and rely on the demand to support removal." Id. Although Defendant contends that Plaintiff's demand letter provides a reasonable assessment of the damages being claimed, see Jurisdictional Response at 2, the demand letter fails to provide any information which could justify Plaintiff's demand for $1,000,000, see Plaintiff's Amended Notice of Service of Proposal for Settlement (Doc. 13-3). Thus, the Court cannot find that Plaintiff's settlement demand is supported by "specific

information and a reasonable assessment of the damages claimed[.]" <u>Erler</u>, 2017 WL 10058597 at \*1. Additionally, Defendant has provided the Court with a copy of Plaintiff's medical records, <u>see</u> Defendant's Exhibit B (Doc. 13-2), but these records fail to quantify the cost of Plaintiff's medical expenses. Therefore, "the unsubstantiated cost of these hypothetical future medical expenses is too speculative to include in the amount-in-controversy calculation." <u>Parham v. Osmond</u>, No. 8:19-cv-592-T-60SPF, 2019 WL 3822193, at \*3 (M.D. Fla. Aug. 15, 2019). In short, Defendant has failed to allege any facts which would plausibly suggest that the amount in controversy exceeds $75,000.

For the foregoing reasons, the Court finds that Defendant has failed to satisfy its burden of showing that diversity jurisdiction exists. As such, this case is due to be remanded.[4]

Accordingly, it is

**ORDERED:**

1. The case is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit, in and for Clay County, Florida, for further proceedings.

2. The Clerk of the Court is **DIRECTED** to transmit a certified copy of this order to the clerk of that court.

---

[4] In state court, Defendant can engage in discovery pursuant to the relevant Florida Rules of Civil Procedure. If through such discovery Defendant ascertains that the case is one which is or has become removable, Defendant may consider filing another notice of removal, if timely, pursuant to 28 U.S.C. § 1446.

3. The Clerk of the Court is further **DIRECTED** to terminate any pending motions and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 6th day of March, 2025.

MARCIA MORALES HOWARD
United States District Judge

Lc32

Copies to:
Clerk, Fourth Judicial Circuit
Counsel of Record